**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                 Case No.  6:07-cr-211-Orl-22DAB

**LUIS M. CANDELARIO**

_____

**ORDER**

This cause comes before the Court on Defendant Luis M. Candelario's Motion for Severance (Doc. No. 139) and the United States' Response in Opposition to that motion (Doc. No. 145).  Because the United States does not plan to introduce statements made by the co-defendant that would incriminate Defendant Candelario, the Motion for Severance is DENIED.

Defendant Candelario points out that the Supreme Court in *Bruton v. United States*, 391 U.S. 123, 126-28 (1968), held that a non-testifying defendant's confession that implicates another defendant must be excluded to avoid violating the Confrontation Clause of the Sixth Amendment.  The *Bruton* Court held that the court's limiting instruction that the statements could only be employed against the defendant who made them was insufficient to cure the Sixth Amendment violation.  *Id*. at 136.  However, at trial in this case, the United States has asserted that it will not seek to introduce statements made by Co-Defendant Vander Luitgaren that implicate Defendant Candelario.  Doc. No. 145 p. 2.  Thus, there is no need to sever to avoid a Sixth Amendment violation, and the Court in its discretion under Fed. R. Crim. P. 14 denies Defendant Candelario's Motion for Severance.[1]  *See Bruton*, 391 U.S.

---

[1] The United States also argues that Defendant Candelario's Motion for Severance is untimely. Doc. No. 145 pp. 1-2.  The motion may have been untimely, but the Court will still address its substance.  Consideration of an untimely pretrial motion may be warranted to avoid a potential Sixth Amendment violation.  *See* Fed. R. Crim. P. 12(e) ("A party waives any . . . objection . . . not raised

at 127-28. Because there are no statements the United States plans to introduce that would require severance under *Bruton*, there is no need for in camera review under Fed. R. Crim. P. 14(b). *See* Doc. No. 139 p. 3; Doc. No. 145 p. 4.

Based on the foregoing, it is ORDERED that Defendant Candelario's Motion for Severance (Doc. No. 139), filed May 19, 2008, is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 21, 2008.

Copies furnished to:

Counsel of Record
Magistrate Judge

ANNE C. CONWAY
United States District Judge

---

by the deadline the court sets under [Fed. R. Crim. P] 12(c) . . . . For good cause, the court may grant relief from the waiver."); *see also Schaffer v. United States*, 362 U.S. 511, 516 (1960) (discussing trial judge's "continuing duty at all stages of the trial to grant a severance if prejudice does appear.").