Case 6:07-cr-00211-ACC-DAB   Document 232   Filed 06/30/08   Page 1 of 7 PageID 1589

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                                 Case No.  6:07-cr-211-Orl-22DAB

**THOMAS E. VANDER LUITGAREN**

_____

## ORDER

This cause comes before the Court on the United States' Motion to Quash the Subpoena of Carlos A. Perez (Doc. No. 187) and Defendant Vander Luitgaren's response to that motion (Doc. No. 220).  Based on a review of the parties' submissions, relevant case law, and oral argument presented to the Court on June 23, 2008, the Court GRANTS the United States' Motion to Quash.

### Introduction

Defendant Vander Luitgaren subpoenaed Assistant United States Attorney ("AUSA") Carlos Perez and filed a Statement of Information Sought Pursuant to 28 C.F.R. § 16.23(c), seeking that AUSA Perez testify "relating to the Federal Grand Jury investigation and meetings and/or interviews related to the granting of immunity."  Doc. No. 176 p. 1.  The United States apparently sought further details regarding Perez's proposed testimony, and on June 12, 2008, Defendant Vander Luitgaren filed a more extensive amended statement of the testimony sought.  Doc. No. 181.  The United States filed the instant Motion to Quash on June 13, 2008.  Doc. No. 187.

**Analysis**

**I. AUSA Perez's Subpoena is Quashed Because his Testimony Lacks Relevance**

Irrelevant evidence is not admissible. Fed. R. Evid. 402. It is the duty of the Court to exclude irrelevant evidence and to prevent the jury from hearing misleading or overly prejudicial information. *Id*; Fed. R. Evid. 403. Defendant seeks to compel AUSA Perez to testify regarding the fact that AUSA Perez "conducted and supervised" the investigation of the case against Defendant Vander Luitgaren through late Spring 2007. Doc. No. 181 p. 1. Additionally, Defendant Vander Luitgaren seeks to compel AUSA Perez to testify that he conveyed to Defendant Vander Luitgaren in late Spring of 2006 that he was no longer a subject of investigation. *Id*. at pp. 1-2. Finally, Defendant Vander Luitgaren seeks to have AUSA Perez testify that he closed his case file with respect to Defendant Vander Luitgaren. *Id*. at p. 2.

The Court holds that the testimony sought by Defendant Vander Luitgaren from AUSA Perez lacks relevance. Whether or not AUSA Perez closed the case file or continued an investigation is not relevant at this trial. AUSA Perez's statements only pertain to legal questions regarding the indictment and are not matters for the jury. Defendant Vander Luitgaren seems to be arguing that the United States is estopped from prosecuting Defendant Vander Luitgaren based on AUSA Perez's decision to close the case file. However, AUSA Perez's statements that Defendant Vander Luitgaren was no longer a subject of investigation and that AUSA Perez was closing the file were not promises that Defendant Vander Luitgaren would not be prosecuted. Defendant Vander Luitgaren has presented no authority supporting such a theory. Nor has Defendant Vander Luitgaren shown that AUSA Perez's statements would be binding on the entire Department of Justice. Defendant may not present to the jury AUSA Perez's statements to evoke sympathy based

on what the jury feels is "fair," because whether Defendant Vander Luitgaren can be prosecuted is not a question for the jury. Defendant Vander Luitgaren has not argued that the Department of Justice may not prosecute him. In fact, Defendant Vander Luitgaren's March 27, 2006 Proffer Agreement specifically covers what information the government can use "[i]n the event [Defendant] Vander Luitgaren is prosecuted." Doc. No. 73-9 p. 1 ¶ 2. Similarly, the Proffer Agreement also states that "[t]his agreement embodies the entirety of the agreement related to the interview. No other promises or understandings exist between [Defendant] Vander Luitgaren and the government concerning the interview." *Id*. at p. 2 ¶ 6.

The motivations of AUSA Perez in deciding whether or not to further investigate are no more relevant to this case than the Antitrust Division's motivations in ultimately deciding to prosecute Defendant Vander Luitgaren. Because the motivations of the Antitrust Division attorneys are not relevant or admissible, the Court also holds that AUSA Perez has no relevant testimony to contribute. The Court quashes the subpoena served on AUSA Perez, because his testimony has no relevance to this case and would mislead the jury.

**II. AUSA Perez's Subpoena is Quashed Because the U.S. Attorney has not Permitted him to Testify**

    **A. Regulations Governing Testimony by Department of Justice Employees**

Title 28 of the Code of Federal Regulations, section 16.23 governs "General disclosure authority in Federal and State proceedings in which the United States is a party." Section 16.23(a) of that title states:

> Every attorney in the Department of Justice in charge of any case or matter in which the United States is a party is authorized, after

> consultation with the "originating component"[1] . . . to reveal and furnish to any person, including . . . a court . . . such testimony, and relevant . . . information secured by any attorney . . . as such attorney shall deem necessary or desirable to the discharge of the attorney's official duties: Provided, Such an attorney shall consider, with respect to any disclosure, the factors set forth in § 16.26(a)[2]; And further provided, An attorney shall not reveal or furnish any material, documents, testimony or information when, in the attorney's judgment, any of the factors specified in § 16.26(b)[3] exists, without the express prior approval by the Assistant Attorney General in charge of the division responsible for the case or proceeding . . . or such person's designees.

28 C.F.R. § 16.23(a) (footnotes added). Section 16.28 of that title provides that if a court requires such testimony, the Department of Justice employee should respectfully decline to comply with the demand by citation of *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

**B.  *Touhy* Regulations are Constitutional and Apply in this Case**

The U.S. Attorney for the Middle District of Florida has respectfully declined to authorize disclosure of the testimony of AUSA Perez. Doc. No. 187 p. 4. The Court holds that AUSA Perez's testimony is not relevant. Even if it were relevant, the Court would refuse to require

---

[1] "Originating component" is defined in 28 C.F.R. § 16.24(a) as the official who "employed" the "person whose testimony [i]s demanded" at the time the official "acquired the information in question."

[2] The § 16.26(a) factors are "(1) whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and (2) whether disclosure is appropriate under the relevant law concerning privilege."

[3] Section § 16.26(b) lists factors that would lead the Department to refuse to respond to a demand but notes that this list is not exclusive and that these demands "among" others may be denied. The § 16.26(b) factors listed are whether disclosure (1) would violate a statute or rule of procedure (2) or a specific regulation; (3) would reveal classified information or (4) a confidential source; (5) would reveal investigatory records for law enforcement purposes, and would interfere with enforcement procedures or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired; and (6) would improperly reveal trade secrets.

AUSA Perez's testimony based on the U.S. Attorney's decision.  The United States cites *Touhy,* 340 U.S. at 466-70, and *United States v. Bizzard,* 674 F.2d 1382, 1387 (11th Cir. 1982), to show that the regulations that require the Attorney General or his or her representative to give permission for someone from the federal government to testify are valid.  The Supreme Court in *Touhy,* 340 U.S. at 466-70, upheld a regulation prohibiting a subordinate agent from producing documents pursuant to a subpoena duces tecum.

Defendant Vander Luitgaren points out that *Touhy* was a civil habeas corpus case where the Supreme Court addressed a subpoena to produce documents, not testimony, (Doc. No. 220 pp. 3-4), but these distinctions are not determinative.  The Supreme Court in *Touhy*, 340 U.S. at 468, did state that it was not addressing a prosecution by the United States.  However, 28 C.F.R. § 16.23 expressly addresses disclosure in a proceeding "in which the United States is a party."  Additionally, numerous courts have applied *Touhy* and upheld similar regulations in criminal cases.  The Fourth Circuit held that *Touhy* does apply in a criminal case, because the regulations do not limit application to noncriminal cases and because other courts have applied *Touhy* regulations in criminal prosecutions.  *United States v. Soriano-Jarquin*, 492 F.3d 495, 504-05 (4th Cir. 2007) (citations omitted).  Similarly, in a criminal case, the Fifth Circuit noted that Justice Department regulations for subpoenaing witnesses have been held valid and mandatory.  *United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994).

Defendant points out that the agent in *Touhy* was asked to produce documents, whereas Defendant Vander Luitgaren seeks only testimony from AUSA Perez.  However, the regulations make no distinction between the production of documents and the testimony of witnesses.  *See* 28 C.F.R. § 16.23(a) ("every attorney in the Department of Justice . . . is authorized . . . to reveal and

furnish . . . such **testimony, and relevant unclassified material, documents, or other information** secured by any attorney . . . as such attorney shall deem necessary[,]" subject to certain restrictions) (emphasis added).  *Touhy* regulations have also been applied to cases involving testimony rather than the production of documents.  *See, e.g., Soriano-Jarquin*, 492 F.3d at 504.

In *Bizzard*, 674 F.2d at 1387, the Eleventh Circuit noted the Supreme Court's opinion in *Touhy* upholding the constitutionality of the regulations and held that the defendant in *Bizzard* had not followed the proper procedures to seek testimony from an employee of the Department of Justice.  Defendant Vander Luitgaren argues that unlike the defendant in *Bizzard*, Defendant Vander Luitgaren complied with 28 C.F.R. § 16.21 et seq., via his Statement of Information Sought Pursuant to 28 C.F.R. § 16.23(c) (Doc. No. 176) and the amended statement (Doc. No. 181).  Regardless of whether Defendant Vander Luitgaren's first or second Statement of Information Sought was complete or sufficient under the regulations, the U.S. Attorney's decision to preclude AUSA Perez's testimony was valid under *Touhy*.  Thus, the Court also grants the United States' Motion to Quash on the basis of *Touhy*.

**Conclusion**

Based on the foregoing, it is ORDERED that the United States' Motion to Quash (Doc. No. 187), filed June 13, 2008, is GRANTED. **DONE** and **ORDERED** in Chambers, Orlando, Florida on June 30, 2008.

ANNE C. CONWAY
United States District Judge

Copies furnished to:
Counsel of Record
Magistrate Judge